# Robert Drummond, Appt., v. Louis Lang.

If, after execution has been issued upon a judgment entered upon a judgment note, the parties enter into an agreement for bail and a stay of execution, and defendant subsequently makes payments upon the judgment, a strong case is required to induce the court to interfere to open the judgment.

(Argued January 27, 1888. Decided February 20, 1888.)

January Term, 1888, No. 140, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from the Common Pleas No. 3 of Philadelphia County to review the action of said court in discharging a rule to open a judgment entered upon a judgment note. Affirmed.

In support of the rule the deposition of Robert Drummond set out, substantially, that he was a manufacturer of and dealer in soaps; that in June, 1886, Louis Lang proposed that they should form a partnership and begin the manufacture of raw soap, and to cover the sum necessary for the new appliances and the expenses of the increased business, Lang was to contribute $3,000; that the terms of the proposed partnership were agreed upon about July 1, 1886, by which the firm was to be R. Drummond & Company; the partnership was to continue for one year, and the profits and losses were to be equally divided. Lang was to contribute the $3,000 and Drummond his stock and good will.

Lang undertook to have the agreement reduced to writing; but before the agreement was so reduced to writing or Lang had contributed his share, they began business as a firm and bought on joint account new materials and appliances; Lang was to raise the money by the sale of German bonds, and for that purpose he went to New York, from whence he sent various sums at different times aggregating in all $700, for which sums he, Drummond, gave him notes as receipts; when Lang returned from New York he employed a conveyancer, C. B. Krein, to prepare the articles of partnership, who, on making searches, discovered five unsatisfied judgments against Drummond. Three of these had been paid, all but the costs, the fourth, $50 in amount, was due to a friend, and the fifth was for $500 and was held by his mother. Drummond promised to procure a release from his mother from this judgment.

After several meetings in regard to the satisfaction of these judgments, the parties met at Krein's office, on August 26, when K. reported that $50 would satisfy all the costs on the outstanding judgments; this sum Lang agreed to give as part of his contribution to the firm, and Krein undertook to have the judgments satisfied, and the parties were to meet again on September 1 and sign the articles. At the meeting of August 26, Lang gave Drummond his check for a further payment of $100, and asked Drummond to sign a judgment note for the whole amount advanced, saying that he would deliver the other notes and take this judgment note as a single receipt for all the money advanced towards the partnership.

Drummond signed this note as a receipt merely, and it did not have any attorney's commission written on it when he signed it. On Monday, August 30, Drummond received a note from Krein saying that unless he paid the amount of the judgment note on Tuesday, August 31, the same would be entered up and execution would issue. Lang was present when this note was received and, as Drummond alleged, told him that he had never authorized Krein to write this note and that he would go down on Wednesday and sign the articles as agreed.

On Tuesday, August 31, execution was issued on the note, and a levy was made on Drummond's property; and then, believing that he was precluded from taking any other steps, he consulted R. P. White, Esq., in order to obtain a stay of execution. On September 4, 1886, the parties entered into an agreement for bail and a stay of execution, and Drummond afterwards made several payments on account of this judgment. Subsequently he consulted his present counsel, and a rule was taken by them to show cause why the judgment should not be opened and defendant let into a defense.

This testimony was corroborated by several witnesses, to the extent that Lang and Drummond made various purchases for the factory, engaged a salesman, and by their actions gave the impression that they were partners.

On the other hand Lang testified that his relation with Drummond was simply that of a salesman who was selling his soap on commission; that he made Drummond several loans of money for which he took his notes; that, Drummond having failed to treat him fairly, he consulted Krein, on his return from New York, about having him arrested for obtaining money on false

pretenses, when he was advised to try to collect the money and while he was trying to do this Drummond for the first time proposed that they enter into partnership; that he refused to do this after Krein discovered the judgments against Drummond; that he then urged Drummond to pay the money that he had loaned him, and that Drummond then agreed to give him a judgment note for $850, if he would loan him $100. He signed this note and agreed to have the judgment held by his mother satisfied. Having failed to do this and having failed to call in response to Krein's note, execution was issued and after a meeting at Mr. White's office he agreed to a stay of execution and afterwards received several payments on account. This rule was not taken until July, 1887.

Krein corroborated this testimony, to some extent.

The court, after argument, discharged the rule; whereupon Drummond took this appeal, specifying for error this action of the court.

*A. W. Bannard* and *Dwight M. Lowrey,* for appellant.—In order to recover on any contract, written or oral, the plaintiff must prove a consideration. Notes and bonds constitute no real exception to this rule. Although they import a consideration, in the sense that it is not necessary to plaintiff's recovery that he offer evidence of consideration in the first instance, yet the moment defendant has denied the indebtedness, and given some explanation of the outstanding obligation, reasonably consistent with want of consideration, the presumption arising from the form of the instrument is rebutted, this expedient for proof of consideration disappears, and plaintiff's affirmative evidence thereof must be as clear, precise, and indubitable in all respects, as in suits upon oral contracts. Conmey v. Macfarlane, 97 Pa. 363.

Parol evidence may be admitted to contradict, vary, or even avoid a written instrument, where it is proved that but for the oral stipulations it would not have been executed.

A bond for one purpose, an attempt afterwards to use it for another is such fraud as brings the case within the rule regarding the admission of parol evidence. Hoopes v. Beale, 90 Pa. 83, 84; Cullmans v. Lindsay, 114 Pa. 166, 6 Atl. 332. See also Thomas v. Loose, 114 Pa. 35, 6 Atl. 326.

When the note or bond is merged in a judgment entered by

virtue of the accompanying warrant of attorney, the judgment must first be opened in order to permit of a defense.    Knarr's Appeal, 7 Sad. Rep. 182.

Drummond has not impaired his right to have this judgment opened by entering a stay of execution, with surety.    Ranck v. Becker, 12 Serg. & R. 412.

If the original judgment was obtained by fraud and mis-. representation and the subsequent revivals were but a continuation of such fraud and misrepresentations it is difficult to see how such revivals could add anything to the validity of the original judgment.    Monroe v. Monroe, 93 Pa. 521–526.

The entering of the stay is at best an additional security; it. is not an estoppel against any defense Drummond may have against the note.    Even if we call it an admission of indebtedness, it is not an estoppel.    Neither an admission of the debt, nor additional security, amounts to an estoppel.    Earnest v. Hoskins, 100 Pa. 558.

*Edward F. Hoffman,* for appellee.—Since the act allowing the parties to testify, a mere conflict of testimony does not warrant the opening of a judgment and the granting of an issue. Philbin v. Davinger, 28 Phila. Leg. Int. 325.

A judgment should not be opened after levy made without strong evidence of its irregularity.    Eshelman v. Bowen, 1 Lancaster Bar.

As a general rule, where a party has confessed a judgment to another which has been entered of record, his own deposition alleging fraud and the like but contradicted flatly by the deposition of the plaintiff will not prevail to open the judgment. Mere oath against oath affords but little light.    Kocher v. Rice, 2 Luzerne Legal Reg. 24.

Per Curiam:

There is nothing apparent in this case to induce us to interfere with the discretionary power exercised by the court below. Indeed, after the agreement of September 4, 1886, between the parties for bail and stay of execution, and the subsequent payments made by the defendant, it would require a strong case to induce a court to interfere to open the judgment.

The decree of the court below is affirmed and the appeal dismissed, at costs of appellant.